IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KATHRYN SCHROEDER**,

    Plaintiff,                                         Case No. 6:15-cv-00771-SB

    v.                                                 **OPINION AND ORDER**

**CAROLYN W. COLVIN**, **Commissioner**
**Social Security Administration,**

    Defendant.

**Mosman, J.,**

    Magistrate Judge Beckerman issued her Findings and Recommendation ("F&R") [25] in the above-captioned case on April 24, 2016, in which she recommends that I reverse the Commissioner's decision to deny Disability Insurance Benefits to Plaintiff Kathryn Schroeder and remand the case for an award of benefits. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    The Commissioner filed timely objections to Judge Beckerman's F&R [27] on June 7, 2016. When a party properly objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). I may accept, reject, or modify the Magistrate Judge's F&R. 28 U.S.C. § 636(b)(1)(C).

    The Commissioner objects to Judge Beckerman's recommendation that I remand the case for an immediate award of benefits. The Commissioner argues the F&R contains legal error, and requests that I remand the case for further administrative proceedings.

1    OPINION AND ORDER

For the reasons stated below, I ADOPT IN PART Judge Beckerman's F&R [25] as it pertains to reversing the Commissioner's decision to deny Disability Insurance Benefits to Ms. Schroeder, but I remand the case for further administrative proceedings.

## LEGAL STANDARD

Generally, when a reviewing court reverses an administrative judgment, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). However, the Social Security Act empowers courts "to reverse or modify an administrative decision without remanding the case for further proceedings" under appropriate circumstances. *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000). Courts may thus reverse and remand a decision by the Commissioner with instructions to calculate and award benefits if certain prerequisites are met. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted).

The Ninth Circuit established three steps, collectively referred to as the "credit-as-true" rule, to determine if an immediate award of benefits is appropriate. First, the district court must determine whether the ALJ made a legal error by "fail[ing] to provide legally sufficient reasons for rejecting evidence." *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quotation and citation omitted).

Second, if the court finds the ALJ erred, it must next determine "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id*. at 1103-04. When conducting this review, the district court must consider whether the government has pointed "to anything in the record that the ALJ overlooked and explain[ed] how that evidence casts into serious doubt" the claimant's claim to be disabled. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Any "inconsistencies between the claimant's testimony and the

medical evidence in the record" must also be considered. *Dominguez*, 808 F.3d at 407 (quoting *Treichler*, 775 F.3d at 1105) (brackets omitted). Ultimately, a district court may only remand with instructions to reward benefits if it concludes that further administrative proceedings would serve no useful purpose. *See id*.

Third, if the district court concludes "that no outstanding issues remain and further proceedings would not be useful," *Treichler*, 775 F.3d at 1101, then it must next consider whether "the ALJ would be required to find the claimant disabled on remand" if the "improperly discredited evidence were credited as true." *Burrell*, 775 F.3d at 1141 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). If so, the district court may remand for an immediate award of benefits. *See Dominguez*, 808 F.3d at 407.

Even when all three elements of the credit-as-true rule are met, a district court is not required to remand for an immediate award of benefits; indeed, courts retain flexibility in determining the appropriate remedy. *See Garrison*, 759, F.3d at 1021. "In particular, [a district court] may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Burrell*, 775 F.3d at 1141 (quoting *Garrison*, 759, F.3d at 1021).

## DISCUSSION

I apply these principles to determine whether this case should be remanded for further administrative proceedings or an immediate award of benefits. Because I conclude the record is not fully developed, I remand the case for the ALJ to conduct a new hearing, further develop the record, consider Dr. Greenleaf's opinions, and issue a new decision.

### I. The ALJ Made a Legal Error

The threshold requirement of the credit-as-true rule, that the ALJ made a legal error in failing to provide legally sufficient reasons for rejecting evidence, is met. *See Dominguez*, 808

F.3d at 408. The Commissioner has conceded that the ALJ's decision contained harmful error. Specifically, by discounting Dr. Greenleaf's 2002 and 2008 opinions, and failing to address Dr. Greenleaf's opinions in 2003, 2004, and 2013 without articulating sufficient reasons for doing so, the ALJ erred. Judge Beckerman also concluded that the ALJ erred in failing to provide legally sufficient reasons for rejecting Dr. Greenleaf's opinions—particularly Dr. Greenleaf's 2013 opinion. Accordingly, I find the first requirement of the credit-as-true rule is met.

## II. The Record is Not Fully Developed

The second requirement of the credit-as-true rule is whether the record has been fully developed and whether further administrative proceedings would be useful. *See Treichler*, 775 F.3d at 1103-04. I disagree with Judge Beckerman's analysis and conclusion regarding this element. While Judge Beckerman concluded the record is fully developed, I find the record contains significant gaps and inconsistencies. Accordingly, further proceedings would be useful. I therefore find the second requirement of the credit-as-true rule is not met.

There are a number of factual gaps in the record that would benefit from further administrative proceedings. First, and most importantly, the record is unclear as to whether Ms. Schroeder met the duration requirement of Listing 1.03. This listing is satisfied if a claimant has an inability to ambulate effectively lasting at least twelve months after the alleged onset date. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.03. The inability to ambulate effectively "means an extreme limitation of the ability to walk . . . that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." *Id*. § 1.00(B)(2)(b)(1). Examples of ineffective ambulation include, but are not limited to:

> the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home

4   OPINION AND ORDER

without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id.* § 1.00(B)(2)(b)(2).

There are only two pieces of medical evidence on the record suggesting Ms. Schroeder was unable to ambulate effectively for at least twelve months after her onset date of August 1, 2003. Both pieces of evidence ultimately fail to sufficiently support that proposition. The first piece of evidence is Dr. Zimmerman's November 2003 assessment, where Dr. Zimmerman found a fifty percent and a seventy-five percent disability rating in Ms. Schroeder's right and left lower extremities, respectively. While these findings suggest Ms. Schroeder's ambulatory ability was impaired, Dr. Zimmerman also noted in that same report that Ms. Schroeder was able to ambulate without difficulty. This piece of evidence therefore does not support the conclusion that Ms. Schroeder was unable to ambulate effectively during the relevant twelve-month period.

The second piece of evidence is Dr. Greenleaf's 2013 disability questionnaire, in which Dr. Greenleaf opined that Ms. Schroeder met or equaled Listing 1.03 before December 31, 2007. In stating this opinion, Dr. Greenleaf implicitly asserted that Ms. Schroeder could not ambulate effectively prior to her day last insured. Dr. Greenleaf provided his opinion by checking two boxes stating that Ms. Schroeder 1) was unable to ambulate effectively and 2) was unable to return to effective ambulation within twelve months of onset. (Tr. 735.) While Judge Beckerman gave this piece of evidence substantial weight in her F&R, I have chosen to deviate from her reliance on this evidence for two reasons. First, a check-the-box opinion lacking any written explanation is entitled to little weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Further administrative proceedings would serve to flesh out Dr. Greenleaf's explanations for his conclusions. Second, and more importantly, Dr. Greenleaf's opinion did not establish a specific onset date. Dr. Greenleaf only opined that Ms. Schroeder met Listing 1.03's requirements before

5   OPINION AND ORDER

December 31, 2007. Given that the questionnaire did not assert, or even intimate, that the onset date was August 1, 2003, it is inappropriate to infer from Dr. Greenleaf's check-the-box opinion that he was referring back to this date. *See Dominguez*, 808 F.3d at 409 (noting that when further proceedings are necessary to determine relevant dates of disability, it is appropriate to remand for those proceedings). Therefore, further administrative proceedings are necessary to determine whether Ms. Schroeder met Listing 1.03's duration requirement.

In addition to filling the factual gaps noted above, further administrative proceedings would also serve to clarify two significant inconsistencies found in the record. First, there are inconsistencies within Dr. Greenleaf's opinions. While Dr. Greenleaf, in 2013, claimed Ms. Schroeder was unable to ambulate effectively before December 31, 2007, he also noted in opinions he gave in October 2002, May 2003, October 2003, and August 2008 that Ms. Schroeder could stand and walk for up to two hours during an eight-hour workday, sit for up to eight hours during an eight-hour workday, and perform sedentary work during at least portions of that same relevant time period. Dr. Greenleaf's contemporaneous opinions suggest that Ms. Schroeder did not meet Listing 1.03, while his 2013 opinion says she did meet Listing 1.03. Further administrative proceedings would therefore be useful to determine the extent of Ms. Schroeder's impairments during the relevant time period. *See Dominguez*, 808 F.3d at 409 (finding that inconsistencies between the treating physician's opinions and treatment notes required further investigation).

Second, there are inconsistencies between Dr. Greenleaf's opinions and the reports of other physicians. For instance, whereas Dr. Greenleaf opined that Ms. Schroeder could stand or walk for up to one hour in an eight-hour workday, Dr. Berner and Dr. Jensen found that Ms. Schroeder stand and walk for up to two hours in an eight-hour workday. Moreover, whereas Dr. Greenleaf claimed Ms. Schroeder could lift and carry less than ten pounds occasionally and no

weight frequently, Dr. Berner and Dr. Jensen concluded that Ms. Schroeder could lift and carry twenty pounds occasionally and ten pounds frequently. These inconsistencies, among others, between Dr. Greenleaf and other physicians require further investigation and preclude a finding that the record is fully developed. *See Dominguez*, 808 F.3d at 409. (finding that further proceedings were necessary when the treating physician's opinions were inconsistent with the reports of other physicians).

Ms. Schroeder also argues that because the ALJ made a legal error in rejecting Dr. Greenleaf's 2013 opinion, I should credit Dr. Greenleaf's opinion regarding the extent of her limitations as true. If Dr. Greenleaf's 2013 opinion were deemed true, Ms. Schroeder argues, the ALJ would have been required to find her disabled. The Ninth Circuit has directly rejected Ms. Schroeder's line of reasoning. *See Dominguez*, 808 F.3d at 409. Ninth Circuit precedent requires a district court to "assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible as a matter of law." *Treichler*, 775 F.3d at 1105 (emphasis in original) (citations omitted). "If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather the court must remand for further proceedings." *Dominguez*, 808 F.3d at 409 (citing *Treichler*, 775 F.3d at 1105-06). Here, because 1) the record is unclear as to whether Ms. Schroeder met the duration requirement of Listing 1.03; 2) inconsistencies exist within Dr. Greenleaf's own opinions; and 3) inconsistencies exist between physicians, I find that there are multiple gaps and inconsistencies in the record. Accordingly, the second requirement of the credit-as-true rule is not met.

## III. The ALJ Would Not Be Required to Find Ms. Schroeder Disabled on Remand

In light of the inconsistencies, ambiguities, and gaps in the record that require further administrative proceedings, I need not address the third and final requirement of the credit-as-

7   OPINION AND ORDER

true rule, whether the ALJ would be required to find Ms. Schroeder disabled if Dr. Greenleaf's opinions were credited as true. *See Dominguez*, 808 F.3d at 410. Ultimately, "the record as a whole creates serious doubt as to whether [Ms. Schroeder] is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. The credit-as-true rule is therefore not satisfied, which precludes me from remanding this case for an immediate award of benefits.

## CONCLUSION

For these reasons, I ADOPT IN PART Magistrate Judge Beckerman's Findings and Recommendation [25]. I find that while reversal and remand is necessary in light of the ALJ's legal error, an immediate award of benefits is inappropriate because significant gaps and inconsistencies exist in the record. Accordingly, the Commissioner's final decision is REVERSED and REMANDED for further administrative proceedings.

IT IS SO ORDERED.

DATED this   2nd   day of August, 2016.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
Chief United States District Judge