IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**KATHRYN SCHROEDER,**

        Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

No. 6:15-cv-00771-SB

OPINION AND ORDER

**MOSMAN, J.**,

On January 23, 2017, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R") [35], recommending that I GRANT in part Ms. Schroeder's Application for EAJA Fees [31] and award attorney fees in the amount of $4,378.14. Ms. Schroeder filed her objections to the F&R [37] on February 6, 2017, and the Commissioner responded [38] on February 21, 2017.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court

1 – OPINION AND ORDER

is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Relying on previous cases from this district, Judge Beckerman recommends that Ms. Schroeder's requested fee amount of $8,538.03 be reduced to $4,378.14. Judge Beckerman relies, in part, on the fact that Ms. Schroeder rejected the Commissioner's initial settlement offer to remand the case to the agency for further proceedings. Eventually, following Judge Beckerman's original F&R [25] and my adoption in part of that F&R [29], the case was remanded for further proceedings, but Ms. Schroeder did not obtain an immediate award of benefits. Thus, as Judge Beckerman notes, she failed to advance her position by rejecting the Commissioner's initial settlement offer and continuing to litigate the case.

In her objections to the current F&R, Ms. Schroeder argues that the "standard for a reduction of benefits is whether the request is *reasonable*, not whether every hour spent *resulted* in any enhancement of the position." But Ms. Schroeder fails to recognize that in determining whether a desired EAJA fee amount is reasonable, a district court is "required to consider the results achieved on appeal." *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998); *see also Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (noting that when a plaintiff has achieved only partial success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount"). This is true even if plaintiff's arguments are "nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. As such, Judge

Beckerman's recommendation to reduce the requested fee amount is proper because Ms. Schroeder failed to obtain an immediate award of benefits after rejecting the Commissioner's initial settlement offer.

## CONCLUSION

For the foregoing reasons, I agree with Judge Beckerman's recommendation and ADOPT the F&R [35] as my own opinion. I GRANT in part Ms. Schroeder's Application for EAJA Fees [31] and award attorney fees in the amount of $4,378.14

IT IS SO ORDERED.

DATED this __12th__ day of April, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge